

# NUMBER 13-09-00440-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FIRST NATIONAL BANK,**                                       **Appellant,**

**v.**

**MITCHELL C. CHANEY,**                                            **Appellee.**

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion Per Curiam

The parties to this appeal have filed a "Joint Motion to Vacate Judgment as to First National Bank only and to dismiss appeals pursuant to settlement." The Court has considered the motion and it is the Court's opinion that the motion should be granted in part and denied in part.[1] Accordingly, without regard to the merits, we vacate the judgment

---

[1]Rule 42.1(a)(2) permits the Court to render judgment effectuating the parties' agreements *or* to vacate the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both. *See* TEX. R. APP. P. 42.1(a)(2)(A), (B).

as to appellant, First National Bank[2], and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B); 43.2(d).

The parties request that the Court direct the District Clerk to return the cash deposit in lieu of supersedeas bond to appellant, together with any interest to which appellant may be entitled. The request is GRANTED. We direct the District Clerk to return to appellant the deposit of cash in lieu of supersedeas bond made by appellant, together with any interest to which appellant may be entitled.

The parties also request immediate issuance of our mandate. *See* TEX. R. APP. P.18.1(c). The request is GRANTED. We direct the Clerk of the Court to issue the mandate immediately. In accordance with the agreement of the parties, costs are taxed against the party incurring same. *See* TEX. R. APP. P. 42.1(d).

PER CURIAM

Delivered and filed the
15th day of April, 2010.

---

[2]John Woodard did not perfect an appeal. Therefore, the judgment against John Woodard and in favor of Mitchell C. Chaney remains in full force and effect.